## ORANGE STATE OIL COMPANY
## v.
## The UNITED STATES.
### No. 202–52.

United States Court of Claims.
May 1, 1956.

J. Mark Wilcox, Miami, Fla., for plaintiff.

Howard O. Sigmond, Washington, D. C., with whom was Asst. Atty. Gen. Perry W. Morton, for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

On June 17, 1942, defendant entered into a contract by the terms of which it leased from the plaintiff a filling station and storage garage in Miami, Florida. The lease ended May 8, 1946, at which time the property was returned to plaintiff.

The plaintiff alleges that at the time of return there were items of necessary repair totaling $1,053.66, and that due to overloading the floor was cracked and damaged to such an extent as to require replacement, the cost of which would be $7,177. The total claim, therefore, is for the sum of $8,230.66.

The defendant admits liability for $1,-053.66. In its answer it admitted liability for additional damage to the floor in

the sum of $1,000. In fact, at the time of the return of the property the parties agreed on the amount of $1,053.66 for the items listed as necessary repairs aside from the floor, and in addition representatives of the defendant offered to include an additional $1,000 for repairs to the concrete floor.

Now, however, defendant contends that recovery should be limited to $1,053.66.

The cracks in the floor which developed during defendant's occupancy of the premises appeared at or near the beams in the center of the floor. One crack extended over the full length of the building. Others extended half that distance or more.

The plaintiff after consulting the architect who designed the building rejected the $1,000 offer for damage to the floor. The architect had claimed that repairs would not constitute full restoration and that replacement was necessary. Three bids were received by plaintiff for replacement. Each bid was in excess of $7,000.

At the time of the return of the property the presence of cracks indicated the possibility that moisture might enter the cracks, which would cause the floor to deteriorate further, thus preventing its lasting out the normal life of such floors.

At the time of the taking of the evidence, however, in 1954, the floor had withstood usage without further material deterioration.

In the circumstances we do not think the plaintiff is entitled to the cost of replacing the floor.

Plaintiff is entitled to the $1,000 which was originally admitted as the cost of repairing the cracks in the floor, which was the excess damage over ordinary wear and tear. In addition, the plaintiff is entitled to recover the other items agreed upon.

Judgment will be entered for plaintiff in the sum of $2,053.66.

It is so ordered.

LARAMORE, MADDEN, WHITAKER, and LITTLETON, Judges, concur.